UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Monica Jordan | ) | |
| Louis Jordan | ) | |
|     Plaintiff(s) | ) | |
| | ) | |
| v. | ) | Civil Action Number: H02CV1465 |
| | ) | |
| Washington Mutual Bank | ) | |
| | ) | |
|     Defendant(s) | ) | |

### Motion of Defendant for Summary Judgment or, Alternatively, for Partial Summary

    Comes Now, the Defendant, Washington Mutual Bank, FA ("Defendant" or "Movant"), by and through the undersigned counsel, and herewith moves the Court for the entry of an Order in the form attached hereto, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure (FRCP56(b)), granting summary judgment or, alternatively, partial summary judgment, in the above-captioned action.

    The grounds of this Motion are that there are no genuine issues as to any material fact relevant to the subject matter of this Motion, and that Defendant is entitled to judgment as a matter of law. More particularly, the grounds of this Motion are:

    1. With respect to Count I, which Plaintiffs purport to have brought under the Federal Fair Credit Reporting Act, the Complaint fails to state a claim upon which relief may be granted in that Title 15, Section 1681s-2(a) of the United States Code does not afford individual persons a private right of action but, rather, limits enforcement to the Federal Trade Commission and the chief law enforcement officer of the several states as described therein; and because Title 15, Section 1681s-2(b) is not a remedy available to individual persons who have not satisfied the procedural and substantive requirements thereof. In this case, Plaintiffs have neither pled facts which suggest that they have met such requirements, nor have they produced documents during discovery which demonstrate that such statutory requirements have been met by Plaintiffs, nor have they testified in their depositions taken in this case in a manner which establishes that they have met such requirements.

    2. With respect to Count II, which Plaintiffs purport to have brought under the Electronic Fund Transfer Act, the Complaint fails to state a claim upon which relief may be granted, in that Title 15, Section 1693 of the United States Code limits the Court's jurisdiction in such matters to claims brought within one (1) year of the date of the occurrence which gives rise to the claim (and in this case Plaintiffs filed this case more than one (1) year after such date, thereby depriving the Court of jurisdiction over the claim); and, the Electronic Fund Transfer Act, by its terms, does not, as a matter of law, govern electronic fund transfers for loan

payments, such as the case before the Court in this action.

   3. With respect to Count III (Defamation of Credit), Count IV (Negligent Misrepresentation and Negligence), Count V (Fraudulent Misrepresentation), Count VI (Breach of Fiduciary Duty), and Count VII (Breach of Implied Covenant of Good Faith and Fair Dealing), as a matter of law, the Fair Credit Reporting Act preempts all state laws which are inconsistent therewith, or which present inconsistent remedies to those afforded in the Fair Credit Reporting Act, and that, consequently, since the common law remedies sought in the above-noted Counts are based on requirements that are inconsistent with the Fair Credit Reporting Act, Plaintiffs may not, as a matter of law, avail themselves of such common law remedies.

   4. With respect to Counts III through VII of the Complaint, in the event that the Court does not dismiss such claims as a result of the preemption provisions of the Fair Credit Reporting Act, such state common law claims must be dismissed because Plaintiffs have failed to establish any causal connection between the alleged acts and omissions of Defendant and the injuries they claim to have suffered. This lack of causal connection causes each of Plaintiffs state law causes of action to fail in one or more of their basic elements.

   5. Alternatively, with respect to Counts III through VII of the Complaint, in the event that the Court does not dismiss such claims either as a result of the preemption provisions of the Fair Credit Reporting Act, or as a result of the lack of causal connection with respect to all aspects of Plaintiffs' claims, the Court is requested to grant partial summary judgment as to those Counts and those aspects of particular causes of action as to which such causal connection is found by the Court, as a matter of law, not to exist.

   6. Plaintiffs also seek Summary Judgement with respect to Count VIII, which the Court has already ruled on behalf of former co-Defendant First Horizon, does not apply to the Jordan loan.

   In support of this Motion there is attached hereto a Memorandum of Points and Authorities (including attached exhibits of documents produced during discovery in this action which are relevant to the disposition of this Motion and attached excerpts of deposition transcripts), a Statement of Material Facts as to Which There is No Genuine Issue, and the proposed Order.

**Wherefore**, Defendant prays that Summary Judgment (or, if applicable, Partial Summary Judgment) be granted consistent with the foregoing grounds and that all Counts of the Complaint be dismissed.

Respectfully submitted,

*/s/ L. Mark Winston*
L. Mark Winston
5301 Wisconsin Avenue, N.W.
Suite 740
Washington, D.C. 20015
Telephone: (202)-537-5500
Facsimile: (202)-537-5505
E-mail: LMW@Glazersiegel.com
Federal bar. No. 5657

Of Counsel:

Kenneth A. Vogel
5301 Wisconsin Avenue, N.W.
Suite 740
Washington, D.C. 20015
E-mail: KAVogel@aol.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2003, a copy of the foregoing Defendant's Motion for Summary Judgment, Statement of Material Facts As To Which There Is No genuine Issue, Memorandum in Support of Defendant's Motion, and proposed Order was sent by first class mail, postage pre-paid, to:

Howard J. Needle, Esq.
1321 Harden Lane
Baltimore, MD 21208
Attorney for the Plaintiffs

*/s/ L. Mark Winston*
L. Mark Winston