UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Monica Jordan | ) | |
| Louis Jordan | ) | |
|     Plaintiff(s) | ) | |
| | ) | |
| v. | ) | Civil Action Number: H02CV1465 |
| | ) | |
| Washington Mutual Bank, FA, | ) | |
| | ) | |
|     Defendant | ) | |

### Statement of Material Facts As To Which There Is No Genuine Issue

This Statement of Material Facts As To Which There Is No Genuine Issue is presented in support of Defendant's Motion for Summary Judgment or, Alternatively, for Partial Summary Judgment. For the purpose of this Motion only, it being understood that all issues of fact are to be resolved in the favor of the party against whom summary judgment is sought, the following are the facts which are material to the resolution of the instant Motion as to which there is no genuine issue:

1. The Plaintiffs, Monica and Louis Jordan ("Plaintiffs" or the "Jordans"), have a loan with the Defendant, Washington Mutual Bank, FA ("Defendant" or the "Bank"), being loan number 004069789 (the "Jordan loan"). The Jordan loan was a refinancing of previous purchase money financing. The purpose of the refinancing was to enable the Jordans to receive a better interest rate than they had on the original financing and to consolidate substantial other debt, including substantial credit card debt.

2. On or about March 9, 2001, the Plaintiffs directed that their monthly payment on the Jordan loan for the March 2001 installment be made by their internet bank, NetBank. The amount due for the March 2001 payment was $1,793.46, and that is the amount which the Jordans directed NetBank to pay to the Bank. It is unclear whether NetBank transferred funds to the Bank by wire or by check. In any event, the payment was directed by NetBank to WMHL at 75 North Fairway Drive, Vernon Hills, Illinois 60061-1845. The Bank's monthly loan statements directed the Jordans to send their payments to Washington Mutual, P.O. Box 70308, Charlotte, N.C. 28272-0303. The Illinois address was provided by NetBank.

3. The transfer made by NetBank was not credited to the Jordan loan when it was received by the Bank. Soon thereafter, the Jordans became aware that their loan payment was not credited to their loan and they made contact with NetBank on or about March 23, 2001 in an attempt to track down their payment.

4.  On or about April 1, 2001, in the belief that it had not received the Jordans' March 2001 payment, the Bank reported to a national consumer reporting agency that the Jordans had not made their March 2001 payment. When the Bank received the Jordans' April 2001 payment, it credited that payment toward the Jordans' presumably missed March payment. Thereafter, for a period of time the Bank reported that the Jordans' payments were late and that they were in arrears on their loan.

5.  Plaintiffs and their attorneys thereafter corresponded directly with the Bank in an effort to correct the problem. At no time did the Jordans, or anyone acting on their behalf, correspond with any consumer reporting agency (credit agency) with regard to the Jordans' loan.

6.  In late May and early June of 2001, the Jordans resumed previous efforts to locate a new home that had sufficient land to enable Mrs. Jordan's business, Hummingbird Hill Farm, Inc., to operate a riding stable business. Mrs. Jordan identified a property commonly known as 800 Bacon Hall Road, Sparks (Baltimore County), Maryland. This property had a house and large barn on the property. During this time frame the Jordans allegedly prepared and submitted an offer to purchase the Bacon Hall Road property. The offer was not accepted because the owner had received a second offer at the same time and accepted the other offer.

7.  In early June, simultaneous with the submission of the proposed contract on the Bacon Hall Road property, the Jordans contacted Mr. Edward Naworol, a mortgage banker with SunTrust Mortgage Company, in an effort to begin the loan application process. They authorized Mr. Naworol to obtain a credit report on them. By letter dated June 9, 2001, Mr. Naworol informed the Jordans that derogatory credit information was contained in the credit report. The Jordans were given a copy of the credit report by Mr. Naworol. However, because the offer on the Bacon Hall Road property was not accepted, the Jordans did not pursue the matter further with Mr. Naworol.

8.  The Jordans prepared written offers on three other parcels of real property during the balance of 2001 and into 2002. In at least one instance, it is unclear whether the offer was even submitted. In all three cases, no offer was accepted and the Jordans never entered into any contract to purchase real estate. Indeed, at no time from March 2001 through the present did the Jordans complete and submit to a lender or mortgage banker a mortgage loan financing application to obtain a mortgage or other loan relating to the purchase of real property, either for a new home, or for land on which they could develop a riding stable, or any combination thereof. Furthermore, at no time has any mortgage lender or other lender who could make a loan in connection with the acquisition and/or development of a home and/or riding stable ever rejected an application by the Jordans for financing in connection therewith.

Respectfully submitted,

*Mark Winston*

L. Mark Winston
5301 Wisconsin Avenue, N.W.
Suite 740
Washington, D.C. 20015
Telephone: (202)-537-5500
Facsimile: (202)-537-5505
E-mail: LMW@Glazersiegel.com
Federal bar. No. 5657

Of Counsel:

Kenneth A. Vogel
5301 Wisconsin Avenue, N.W.
Suite 740
Washington, D.C. 20015
E-mail: KAVogel@aol.com